# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**HUBERT LUSK, JR.,**

    Petitioner,

v.                                          Civil Action No. 2:10-CV-5
                                                          (BAILEY)

**DAVID BALLARD, Warden,**

    Respondent.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

I.    Introduction

On this day, the above-styled matter came before this Court upon consideration of the Opinion/Report and Recommendation ("R&R") of United States Magistrate Judge John S. Kaull [Doc. 24]. Pursuant to Local Rule PL P 83.15, this matter was referred to Magistrate Judge Kaull for submission of a recommended disposition of this matter. In that filing, the magistrate judge recommended that this Court deny the petitioner's § 2254 motion [Doc. 1].

II.    Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge Kaull's R & R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket indicates that the petitioner accepted service of the R & R on July 26, 2010. The petitioner timely filed his objections on July 30, 2010. See Doc. 26. Accordingly, this Court will review those portions of the R&R to which objections were made under a *de novo* standard. The remaining portions will be reviewed for clear error.

### III.  Petitioner's Objections

In his Objections [Doc. 26], and throughout the course of this § 2254 proceeding, the petitioner has repeatedly noted his functional illiteracy and his inability to find reliable post-conviction legal assistance. Specifically, in his Objections, he calls attention to the fact that he has completed only a fifth grade education and that he has had difficulty with the legal assistance allowed within the prison system. Similarly, the petitioner goes to great lengths to highlight the difficulties associated with obtaining legal assistance from within the prison system. In particular, he notes that prison legal aides are untrustworthy and that so-called "jailhouse lawyers" are dissuaded from providing help to other inmates, further inhibiting his progress. Most recently, the petitioner claims in his Objections that "the person that was trying to help me got transferred as retaliation the day after I received the above Opinion/Recommendation." He claims "[t]he prison did this so he could not help me do an

2

objection." See Doc. 26. Therefore, the petitioner reiterates his request for counsel, which was previously denied. See Doc. 20. This Court construes these statements contained in his Objections as purported reasons to apply equitable tolling to his otherwise untimely-filed petition.

IV. Analysis

"There is no constitutional right to an attorney in state post-conviction proceedings." **Coleman v. Thompson**, 501 U.S. 722, 752 (1991). Nor is there such a right during post-conviction proceedings in federal court. **Rouse v. Lee**, 339 F.3d 238, 250 (4th Cir. 2003) (holding that error due to ineffective assistance of counsel, when no constitutional right to counsel exists, is attributed to the petitioner and is thus not external to his own conduct.). Accordingly, this Court again must deny any request for counsel.

It is clear that this petition was not filed within the one-year statutory time frame contained in the AEDPA. This limitation, however, is subject to equitable tolling. The petitioner attempts to bolster his flagrant tardiness in the filing of his petition by pleading ignorance. In the Fourth Circuit, however, a *pro se* petitioner's "ignorance of the law is not a basis for equitable tolling." **United States v. Sosa**, 364 F.3d 507, 512 (4th Cir. 2004)(holding that a *pro se* petitioner's "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control."). The petitioner's argument that his fifth grade limited education should relieve him of these statutory obligations is unavailing. Courts "will apply equitable tolling because of a petitioner's mental condition only in cases of *profound* mental incapacity." **Sosa**, 364 F.3d at 513 (emphasis added). Read together, these opinions stand for the proposition that

neither a *pro se* petitioner's ignorance of the law, nor his limited access to counsel/legal resources or his mental condition, barring "profound" issues, justify equitable tolling.

Upon an independent review of the record, this Court finds no showing of any profound mental incapacity; rather, it shows that the petitioner was alert, responsive, and fully able to comprehend the plea proceedings. In fact, when questioned at the Rule 11 plea hearing as to his mental health, the petitioner verified that he was not currently, nor had he ever been treated or diagnosed with a mental disease or defect. To the extent that the petitioner only possesses a fifth grade education, this Court does not find such to be so compelling as to toll the applicable statute of limitations. Indeed, it is certainly not uncommon among the prison population to find uneducated and illiterate individuals. This petitioner's particular deficiencies are certainly not profound; to hold otherwise would permit almost anyone to seek equitable tolling. Accordingly, this Court finds that equitable tolling shall not apply, and this petition must be dismissed as untimely.

V. Conclusion

Therefore, upon careful review of the amended report and recommendation, it is the opinion of this Court that the magistrate judge's **Opinion/Report and Recommendation [Doc. 24]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The respondent's motion to dismiss petition as untimely filed **[Doc. 14]** should be, and the same is, hereby **GRANTED**. Therefore, the petitioner's § 2254 motion **[Doc. 1]** is **DENIED**, and this action is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court. In light of the above, the petitioner's Motion for Temporary Restraining Order, for Preliminary

4

Injunction and for the Appointment of Counsel **[Doc. 22]** is also **DENIED**.

Should the petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

Further, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability, as the petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); ***Miller-El v. Cockrell***, 537 U.S. 322, 336-38 (2003)(in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong (citing ***Slack v. McDaniel***, 529 U.S. 473, 484 (2000)).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to the *pro se* petitioner and to any counsel of record herein.

**DATED:** November 15, 2010.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE